IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| REGINA HANKINS<br>5908 Sunfish Court<br>Waldorf, Maryland 20603 | * |
| | * |
| | * |
| | * |
| | * |
| On her Behalf and on Behalf of All Other<br>Consumers Similarly Situated | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| | * |
| vs. | *     Case No. _____ |
| | * |
| CARMAX, INC.<br>12800 Tuckahoe Creek Parkway<br>Richmond, Virginia 23238 | * |
| | * |
| | * |
| SERVE ON:<br>CSC Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * |
| | * |
| | * |
| | * |
| | * |
| CARMAX AUTO SUPERSTORES, INC.<br>d/b/a CARMAX THE AUTO SUPERSTORE<br>4900 Cox Road<br>Glen Allen, VA 23060 | * |
| | * |
| | * |
| | * |
| SERVE ON:<br>CSC Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * |
| | * |
| | * |
| | * |
| | * |
| CARMAX OF LAUREL, LLC<br>4900 Cox Road<br>Glen Allen, VA 23060 | * |
| | * |
| | * |
| SERVE ON:<br>CSC Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * |
| | * |
| | * |
| | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

RECEIVED AND FILED
2011 MAY 25  A 3 20
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY

## CLASS ACTION COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiff Regina Hankins ("Named Plaintiff"), on her own behalf and on behalf of all

others similarly situated, by and through attorneys Richard S. Gordon and Cory L. Zajdel of

Quinn, Gordon & Wolf, Chtd., Mark H. Steinbach of O'Toole, Rothwell, Nassau & Steinbach,

and Peter A. Holland and Benjamin H. Carney of The Holland Law Firm, P.C. allege and state as

follows:

## I.   INTRODUCTION

1.      This is a Complaint against CarMax, Inc., CarMax Auto Superstores, Inc., and

CarMax of Laurel, LLC (hereinafter collectively "CarMax"), for violating statutory and common

law obligations governing motor vehicle sales that provide significant safeguards to consumers

purchasing used vehicles.

2.      In Maryland, when a dealer sells a vehicle that was formerly used for some

purpose other than as a consumer good, it must disclose the former use clearly and conspicuously

to its prospective customer.  COMAR 11.12.01.14M(1). One of the commercial uses for which

disclosure is specifically required relates to vehicles which have been used for short-term rentals.

COMAR 11.12.01.14M(1)(f).

3.      Named Plaintiff and the Class are persons who purchased a used motor vehicle

from a CarMax dealership in Maryland that was previously used as a short-term rental, but were

not provided notice of such use as required under Maryland law -- that is, the used motor vehicle

was previously used for a non-consumer purpose.

4.      CarMax failed to disclose and intentionally concealed from Named Plaintiff and

the Class the material fact that the vehicles sold to them were previously used as short-term

rentals.  In so doing, CarMax violated a clear and explicit disclosure requirement governing

motor vehicle sales in Maryland.  This suit seeks to end CarMax's illegal sales practices and to

obtain compensation for the losses sustained by Named Plaintiff and members of the Class.

5.      CarMax purchases a large number of used vehicles that were previously used as short-term rentals.  On information and belief, CarMax, Inc. negotiates favorable purchase agreements with multiple rental car companies for the benefit of CarMax Auto Superstores, Inc. and CarMax of Laurel, LLC.  CarMax systematically places these vehicles on its used car lots along side of other similar used vehicles that were not used as short-term rentals.  At the time of Named Plaintiff's purchase, CarMax took no steps to differentiate for its customers one car (the prior short-term rental) from the next (vehicle previously used only for personal use).

6.      Because prior short-term rental vehicles are harder to sell and consistently result in a lower selling price, CarMax also conceals the vehicle's prior use as a short-term rental at the point of purchase by uniformly and consistently: failing to present the consumer with the vehicle's title for signature; and failing to check the short-term rental prior use box on the sales order/contract.  CarMax's affirmative acts and concealments clearly violate Maryland's motor vehicle and consumer protection laws.

7.      CarMax's clear violations of Maryland and federal law have enriched CarMax unjustly at the expense of hundreds and potentially thousands of Maryland consumers, a practice this suit seeks to end.  CarMax's use of a form vehicle sales contract, as well as its uniform non-disclosures and uniform affirmative misrepresentations on that form, make this case particularly suitable for resolution through a class action lawsuit.

8.      CarMax's form contract does not distinguish between CarMax entities intentionally to mislead consumers into believing they are purchasing their vehicles from CarMax, Inc., rather than one of its wholly owned subsidiaries.  The CarMax entities named in this consumer class action acted in concert to pull off this scheme.

## II.    PARTIES

3

9.      Plaintiff Regina Hankins is a resident of Charles County, Maryland. Ms. Hankins purchased a used 2006 Chevrolet Trailblazer LS from CarMax, which unbeknownst to her at the time of sale, was previously used for purposes other than as a consumer good. CarMax never disclosed to Plaintiff Hankins that the vehicle she purchased was previously used for a purpose other than as a consumer good or specifically, that it had been used for short-term rentals. Plaintiff Hankins resided at 5908 Sunfish Court, Waldorf, Maryland 20603 at the time the vehicle was acquired.

10.      Defendant CarMax, Inc., is a Virginia corporation whose principal place of business is located in 12800 Tuckahoe Creek Parkway Road, Richmond, Virginia, 23238. CarMax, Inc., on information and belief, is a publicly traded entity whose wholly owned subsidiaries own and operate car dealerships in several locations in the State of Maryland including Baltimore County, Montgomery County, and Prince George's County. CarMax, Inc. is primarily engaged in selling late model low mileage used vehicles to consumers.

11.      CarMax Auto Superstores, Inc., is a Virginia corporation whose principle place of business is located in 4900 Cox Road, Glen Allen, VA 23060 and on information and belief is a wholly owned subsidiary of CarMax, Inc. CarMax Auto Superstores, Inc., owns and operates car dealerships located at 10201 Philadelphia Road, White Marsh, MD 21162 (Baltimore County), 8800 Free State Drive, Laurel, MD 20723 (Prince Georges County); and 15931 Fredrick Road, Rockville, MD 20855 (Montgomery County). CarMax Auto Superstores, Inc. is primarily engaged in selling late model low mileage used vehicles to consumers throughout Maryland.

12.      CarMax of Laurel, LLC, is a Virginia limited liability company whose principle place of business is 4900 Cox Road, Glen Allen, VA 23060 and on information and belief is a

4

wholly owned subsidiary of CarMax Auto Superstores, Inc.  CarMax of Laurel, LLC, on

information and belief, is primarily engaged in selling late model low mileage used vehicles to

consumers.

**III.   . JURISDICTION AND VENUE**

13.    Subject matter jurisdiction is proper under MD. CODE ANN., CTS. & JUD. PROC. §

1-501 (2006).

14.    Venue is proper under MD. CODE ANN., CTS. & JUD. PROC. § 6-201(a)(2006)

because CarMax carries out regular and substantial business in Baltimore County.

**IV.    FACTS APPLICABLE TO ALL COUNTS**

15.    This is an action against CarMax resulting from its consistent and uniform failure

to disclose that hundreds, if not thousands of vehicles sold to consumers were prior short-term

rentals.

16.    CarMax gets its inventory of used motor vehicles from a variety of sources

including direct purchases from consumers, auto auctions, and sales from manufacturers and car

rental companies.

17.    At the time that it purchases a vehicle for resale on one of its lots located in the

State of Maryland, CarMax is aware of, or has information available to it, that identifies the prior

use of the vehicle.

18.    In accordance with the disclosure provisions of COMAR 11.12.01.14(M)(1),

motor vehicle dealers in Maryland must disclose to a prospective purchaser a vehicle's prior use

for any purpose other than as a consumer good in writing on the sales agreement, which is also

sometimes referred to as the vehicle sales contract or Buyer's Order.  This disclosure on the sales

agreement must specifically indicate, clearly and conspicuously, that the vehicle was previously

5

used as a "short term rental vehicle."

19.    COMAR 11.12.01.14(M)(emphasis added) provides that:

(1)    Vehicles formerly used for a purpose other than a consumer good shall be clearly and conspicuously identified as to their former use.  This includes, but is not limited to, vehicles formerly used:

(a)    For public or governmental purposes and normally driven by multiple drivers;
(b)    As executive driven vehicles;
(c)    As demonstrators;
(d)    For driver training;
(e)    As taxicabs; or
(f)    **As short-term rental vehicles.**

(2)    The word "commercial", or similar ambiguous terms, may not be used to describe these vehicles.

20.    Maryland dealers, therefore, must routinely disclose the information required by COMAR 11.12.01.14(M)(1).

21.    CarMax, however, does not.  At all times relevant to this Complaint, it has been Defendant CarMax's standard practice to conceal or otherwise fail to disclose to customers a vehicle's prior use as a short-term rental on its Buyer's Order or elsewhere.

22.    In fact, even though the standard CarMax Buyer's Order includes a box on CarMax's standard pre-printed form that, if checked, would indicate that a vehicle was previously used for a purpose other than as a consumer good, CarMax uniformly and consistently fails to check this box even though it has information available indicating the vehicles were previously used as short-term rentals.

23.    Recognizing that Maryland law requires a specific description or clear statement of the vehicle's prior use greater than simply checking a box notifying a customer that the vehicle was used for a purpose other than as a consumer good, CarMax's Buyer's Order further contains a blank space after the box so that a CarMax employee may manually insert a specific

disclosure of each vehicles' prior use to its customers.

24.     CarMax's deception, however, does not end there. CarMax also requires the customer to sign or initial underneath the box and the blank space where the customer would acknowledge that the vehicle's prior use was disclosed pursuant to Maryland law.

25.     But in fact, CarMax uniformly and consistently fails to check the box on the Buyer's Order indicating the vehicle was formerly used for a purpose other than as a consumer good. CarMax uniformly and consistently fails to manually fill in the specific description of the vehicle's prior use. CarMax also uniformly and consistently fails to obtain the customer's signature in the space specifically designated for this disclosure.

26.     CarMax affirmatively misrepresented to Named Plaintiff and the Class that the vehicles sold to Named Plaintiff and the Class were never used for a purpose other than as a consumer good, in particular, as short-term prior rentals, when CarMax included a designated area on its pre-printed Buyer Order to disclose a car's prior use for a purpose other than as a consumer good and then failed to disclose the car's prior use for short-term rentals.

27.     CarMax also uniformly and consistently fails to present titles to its customers or require customers to sign the title as part of its scheme to make certain its customers do not know they are purchasing vehicles formerly used for short-term rentals, in violation of federal law.

28.     CarMax's acts and material omissions deceived or intended to deceive its customers by indicating that the vehicles were previously only used as consumer goods, when in fact, these vehicles had been used for short-term rentals.

29.     As a result of CarMax's unfair and deceptive practices, Named Plaintiff and the Class paid significantly more for the vehicles than they would have paid for comparable vehicles had CarMax properly, and in a legal manner, disclosed the vehicles' prior use as short-term

7

rentals.

V.   **FACTS APPLICABLE TO NAMED PLAINTIFF**

30.     On or about August 22, 2006, Plaintiff Regina Hankins purchased a used 2006 Chevrolet Trailblazer LS, VIN# 1GNDT13S762235673, from CarMax primarily for personal, family and household use.  A copy of Ms. Hankins' contract for the purchase of the vehicle is attached hereto as **Exhibit A** (Buyer's Order).

31.     Unbeknownst to Plaintiff on the date of sale, on information and belief, the car had previously been titled in the name of Alamo Financing LP and had been previously used for short-term rentals.  *See* Certificate of Title, attached hereto as **Exhibit B**.  On information and belief, CarMax had actual knowledge of this information but did not disclose and intentionally and with actual malice concealed this information from Plaintiff.  CarMax was required to disclose this information by Maryland law, and in particular COMAR, 11.12.01.14M(1)(a)-(f).

32.     In connection with the vehicle sale for cash, CarMax, its agents and employees, prepared a vehicle Buyer's Order that both fails to identify the vehicle's prior use as a short-term rental and simultaneously represents that if the vehicle had been used for a purpose other than a consumer good, that prior use would be disclosed on the same document.  **Exhibits A.**

33.     CarMax did not disclose the vehicle's prior use as a short-term rental in writing to Plaintiff Hankins in the Buyer's Order or in any other document provided in the transaction.

34.     Unbeknownst to Plaintiff on the date of sale, the car was unmerchantable and it would not pass without objection in the trade under the contract description, in part, because Maryland law required that the contract describe and disclose the car's prior use for short-term rentals.

35.     As a result of CarMax's acts and omissions as set forth in this Complaint, Plaintiff

was misled as to the prior use of the vehicle and its market value, Plaintiff paid more for the car

than it was worth, and Plaintiff has sustained other losses and damages.

36.     On information and belief, Plaintiff Hankins avers that as part of its regular

business practices in Maryland, CarMax systematically and regularly sells used vehicles that

were previously used as short-term rental vehicles without notifying and affirmatively

concealing this information from its customers.

37.     CarMax did not obtain Plaintiff Hankins' signature on the title certificate as

required by federal law in order to further conceal the vehicle's prior use as a short-term rental

and its reduced market value.

## VI.     CLASS ACTION ALLEGATIONS

38.     Named Plaintiff, Regina Hankins, brings this action on behalf of herself and all

other similarly situated individuals pursuant to Md. Rule 2-231. The class consists of:

> All persons between May 25, 2004 and the present, who purchased
> a used motor vehicle from a CarMax dealership in Maryland that
> was previously used as a short-term rental, but were not provided
> notice of such use as set forth in COMAR.

39.     Excluded from the Class are those individuals who now are or have ever been

executives of CarMax and the spouses, parents, siblings and children of all such individuals.

40.     The Class, as defined above, is identifiable. The Named Plaintiff is a member of

the Class.

41.     The Class consists, to Plaintiff's information and belief, of hundreds and perhaps

thousands of individuals, and thus is so numerous that joinder of all of their members is

impracticable.

42.     There are questions of law and fact which are not only common to the Class but

which predominate over any questions affecting only individual Class members. The common

9

and predominating questions include, but are not limited to:

    a.      Whether CarMax failed to provide notice in writing to customers of the vehicles' prior use as short-term rentals;

    b.      Whether CarMax affirmatively concealed from its customers the vehicles' prior use as short-term rentals;

    c.      Whether CarMax is liable to members of the Class for damages resulting from its pattern of selling vehicles that were previously used as short-term rentals without disclosing this information to its customers;

    d.      Whether CarMax had knowledge that the vehicles sold were previously used as short-term rentals or for purposes other than as a consumer good;

    e.      Whether declaratory and injunctive relief is proper to prevent CarMax from continuing to sell vehicles that were previously used as short-term rentals without disclosure to prospective customers;

    f.      Whether CarMax's failure to disclose the vehicle's prior use as a short-term rental was an unfair and deceptive trade practice;

    g.      Whether CarMax's affirmative concealment of the vehicle's prior use as a short-term rental was an unfair and deceptive trade practice;

    h.      Whether CarMax violated the Motor Vehicle Information and Cost Savings Act and its implementing regulations;

    i.      Whether CarMax violated the Magnuson-Moss Act;

    j.      Whether CarMax's violations of the Motor Vehicle Information and Cost Savings Act and/or Magnusson-Moss Act were an unfair and deceptive trade practice;

    k.      Whether CarMax negligently misrepresented the value of vehicles

previously used for short-term rentals to its customers.

l.      Whether CarMax negligently failed to disclose the vehicles' prior use for short-term rentals to its customers;

m.     Whether under an implied warranty, a vehicle would pass without objection in the trade under the contract description when CarMax failed to disclose the vehicle's prior use as a short-term rental.

43.    The claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(a)(3), and are based on and arise out of similar facts constituting CarMax's wrongful conduct.

44.    The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for CarMax, within the meaning of Md. Rule 2-231(b)(1)(A).

45.    CarMax's actions are generally applicable to the Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole, within the meaning of Md. Rule 2-231(b)(2).

46.    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Md. Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

11

VII.   CAUSES OF ACTION

## COUNT ONE
(Implied Warranty of Merchantability)

47.    Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 46 of this Complaint.

48.    In breach of the implied warranty of merchantability which arises under Md. Code Ann., Comm. Law § 2-314(2)(a), on the date Plaintiff and Class members purchased their vehicles, each would not pass without objection in the trade under the contract description. The vehicle would not pass without objection in the trade under the contract description because, by law, the contract description must include a disclosure that the vehicle had previously been used as a short-term rental and the vehicle sales contract attached as Exhibit A and the vehicle sales contract provided to Class members does not contain any such disclosure.

49.    As a result of CarMax's breach of the implied warranty of merchantability, Plaintiff and the Class sustained the losses and damages set forth above.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for compensatory damages in an amount deemed appropriate by a jury, plus interest and costs for each Class member.

## COUNT TWO
(Magnuson-Moss Warranty Act)

50.    Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 49 of this Complaint.

51.    CarMax's breach of the implied warranty of merchantability violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., including 15 U.S.C. § 2310(d).

52.    As a result of CarMax's violation of the Magnuson-Moss Warranty Act, Plaintiff

sustained the damages and losses set forth above.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for compensatory damages in the amount deemed appropriate by a jury, plus interest, costs and reasonable counsel fees for each Class member.

**COUNT THREE**
**(Maryland Consumer Protection Act)**

53.     Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraph 1 through 52 of this Complaint.

54.     CarMax is a merchant within the meaning of the Maryland Consumer Protection Act (CPA), Md. Code Ann., Comm. Law § 13-101(g), and is subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including those in MD. CODE ANN., COMM. LAW §§ 13-303 and 13-301.

55.     CarMax's failure to disclose and its concealment from Plaintiff and members of the Class of the material fact that these vehicles had been used for short-term rentals constitutes unfair and deceptive trade practices in violation of the CPA, Md. Comm. Law §§ 13-303 and 13-301(1), (2)(i) and (iv) and (3).  If Plaintiff and members of the Class had known their vehicles had previously been used for short-term rentals, they would not have purchased the vehicle.

56.     On information and belief, Plaintiff avers that CarMax regularly and systematically acquires vehicles for the purpose of resale which have been used as short-term rentals and retails these vehicles to the public without disclosing this prior use to its customers, in violation of the CPA, in order to illegally increase its profits.

57.     CarMax's acts and omissions as aforesaid, including its failure to disclose and concealment of the material fact that its vehicles had been previously used as short-term rentals, and its affirmative misrepresentation to Named Plaintiff and the Class that the vehicles were not

13

used previously for a purpose other than as a consumer good, tended to and did deceive Plaintiff and members of the Class and constitutes an unfair and deceptive trade practice, in violation of Comm. Law §§ 13-303(1) - (3) and 13-301(1), (2)(i) and (iv), and/or (3).

58.     As a result of CarMax's unfair and deceptive trade practices, Named Plaintiff and the Class agreed to and did purchase their vehicles, Plaintiff paid CarMax significantly more for their vehicles than they were worth, and Named Plaintiff and the Class sustained the other damages and losses set forth above.

59.     Violating the Motor Vehicle Information and Cost Savings Act in a transaction involving the sale of a motor vehicle is a *per se* violation of the Maryland Consumer Protection Act.

60.     Violating the Magnusson-Moss Act in a transaction involving the sale of a motor vehicle is a *per se* violation of the Maryland Consumer Protection Act.

61.     The failure to comply with the provisions of the various acts governing the Plaintiff and the members of the Class she represents, were deceptive and unfair acts within the meaning of the Maryland Consumer Protection Act. Defendants engaged in the suppression and omission of material facts and affirmative misrepresentations, identified herein, that had the capacity, tendency or effect of deceiving or misleading the Plaintiffs and the members of the Class, and that did in fact deceive or mislead Plaintiffs and members of the Class, causing Plaintiffs and members of the Class injury and loss.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for compensatory damages in the amount a jury deems appropriate, a preliminary and permanent injunction prohibiting CarMax from selling short-term rentals without proper disclosure to consumers, reasonable counsel fees, plus interest and costs, and request such other and further

relief as the Court deems proper for each Class member.

**COUNT FOUR**
(Deceit By Non-Disclosure or Concealment)

62.    Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 61 of this Complaint.

63.    On information and belief, Plaintiff avers that CarMax regularly acquires vehicles for the purpose of resale which have been used as short-term rentals and regularly and intentionally retails these vehicles to the public without disclosing this prior use to its customers, in violation of Maryland law, in order to increase its profits.  Plaintiff was just one victim of CarMax's systematic fraud on the public.

64.    CarMax has a duty to disclose the prior use of vehicles employed as short-term rentals, but CarMax intentionally concealed from Plaintiff (and other members of the Class) this fact which it had a duty to disclose.

65.    CarMax intended to induce the Plaintiff and the Class to act differently than they would have acted had they known the true facts.

66.    Because of CarMax's concealment of the aforesaid material facts, Plaintiff and the Class acted in a manner different from how they would have acted had Plaintiff and the Class known that their vehicles had been used for short-term rentals.  Had Plaintiff and the Class known their vehicles had been previously used for short-term rentals, they would not have purchased the vehicle.

67.    As a result of CarMax's concealment of the aforesaid material facts, Plaintiff and the Class sustained the losses and damages set forth above.

68.    CarMax's sale of vehicles to Plaintiff and the Class, without disclosure of their prior use as short-term rentals, was motivated by CarMax's actual malice toward Plaintiff and

15

the Class. CarMax intended to and did injure Plaintiff and the Class by tricking them into purchasing their vehicles and paying significantly more for their vehicles than they would have been worth had CarMax complied with Maryland law by disclosing the vehicles' prior use for short-term rentals.

69.     Plaintiff and the Class aver that unless and until a jury awards significant punitive damages against CarMax, CarMax will continue to violate Maryland's disclosure laws as part of its ongoing scheme to obtain profits illegally at the expense of the retail public.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for compensatory damages and punitive damages in such amount as a jury deems necessary to punish and deter CarMax and other motor vehicle dealers from engaging in like conduct, and for interest, costs and reasonable attorney's fees.

## COUNT FIVE
### (Money Had and Received/Unjust Enrichment)

70.     Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 69 of this Complaint.

71.      As set forth above, Defendants assessed and collected payments for vehicles that had been used as short-term rentals in amounts that exceeded the value of these vehicles, which conferred a substantial benefit on CarMax.

72.     CarMax was aware of, and had knowledge of, this substantial benefit.

73.     By doing so, CarMax has come into the possession of money in the form of payments that it had, and has no right to at law or in equity.

74.     It would be inequitable for CarMax to retain any such monies that it had no legal right to charge.

75.     As a consequence, Named Plaintiff and the members of the Class have been

damaged.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for damages sustained including pre-judgment interest, expenses for this suit, reasonable attorney's fees, and such other and further relief as the case may require, equitable and/or injunctive relief, including restitution, for each Class member.

### COUNT SIX
#### (Negligent Misrepresentation)

76.     Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 75 of this Complaint.

77.     CarMax's agents or employees negligently made the false and misleading representations and omissions alleged herein, including but not limited to the representations that its vehicles would pass without objection in the trade under the contract description and that the vehicles sold were previously used as consumer goods.

78.     CarMax's agents or employees negligently failed to disclose the material fact that its vehicles had been previously used as short-term rental vehicles.

79.     CarMax's agents or employees negligently failed to disclose that the prices of the vehicles did not accurately represent its value, intending that Plaintiff and the Class would reasonably rely upon the false and misleading representations and omissions to their detriment, which they did.

80.     As a direct and proximate result of CarMax's negligent statements, representations, and omissions, Plaintiff and the Class were induced, *ab initio*, to enter into a Buyer's Order/sales contract for vehicles with CarMax for a price significantly higher than they were worth.

81.     CarMax, their agents or employees, owed a duty of care to Plaintiff and the Class.

82.     CarMax recklessly and negligently breached the duty of care they owed to Plaintiff and the Class by making negligent representations to Plaintiff and the Class and negligently concealing material facts from them, as set forth herein.

83.     . CarMax knew, or had reason to know, that Plaintiffs and the Class would reasonably rely on the representations and concealments which if erroneous, would cause loss, injury or damage.

84.     Plaintiff and the Class justifiably and reasonably took actions to their detriment as alleged herein, by paying CarMax significantly more for their vehicles than they were worth, in reliance on the negligent representations and concealments.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax for damages, punitive damages to be determined by the jury and such other and further relief as the Court may deem just and proper, for each Class member.

**COUNT SEVEN**
**(Motor Vehicle Information and Cost Saving Act)**

85.     Plaintiff incorporates herein by reference as though fully set forth the allegations in paragraphs 1 through 84 of this Complaint.

86.     At the time CarMax sold the vehicle to Plaintiff and the Class, it failed to obtain Named Plaintiff and Class members' signatures on the title certificate to their respective vehicles, as required by regulations under the federal Motor Vehicle Information and Cost Savings Act ("MVICSA"), 49 U.S.C. § 32705. *See* 49 C.F.R. § 580.5. Had CarMax obtained Plaintiff and Class members' signatures on the title certificate as required, Plaintiff and the Class may have learned that their vehicles had previously been owned by a short term rental company, information which CarMax wished to and did conceal from Plaintiff and the Class in order to obtain a better price.

18

87.     CarMax violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiff and the Class and by failing to obtain Plaintiff and the Class members' signatures on the title certificate to their respective vehicles, with intent to defraud.

88.     As a result of CarMax's violation of the MVICSA, Plaintiff and the Class did not learn the vehicle had been previously titled in the name of a short term rental car company. Had Plaintiff and the Class known this, Plaintiff and the Class would not have purchased the car or sustained the damages set forth herein.

WHEREFORE, Plaintiff and the Class demand judgment against CarMax in an amount equal to three times the actual damages or $1,500.00, whichever is greater, plus reasonable attorney's fees and costs for each Class member.

Respectfully submitted,

Richard S. Gordon
Cory L. Zajdel
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Ave., Suite 402
Towson, Maryland 21204
(410)825-2300

Mark H.. Steinbach
O'Toole, Rothwell, Nassau & Steinbach
1350 Connecticut Avenue, N.W, Suite 200
Washington, D.C. 20006
(202) 775-1550

Peter A. Holland
Benjamin H. Carney
The Holland Law Firm, P.C.
1410 Forrest Drive, Suite 21
Annapolis, MD 21403
(410)280-6133

Attorneys for Plaintiff and the Class

19

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Cory L. Zajdel