IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINA HANKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-03685 |
| CARMAX, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This matter was before this Court on a Motion to Remand and for Sanctions filed by Intervenor Plaintiff Barry A. Drake ("Intervenor Plaintiff" or "Drake") (ECF No. 8). On November 23, 2011, in the Circuit Court for Baltimore County, Drake filed a Motion to Intervene and a related Complaint in the matter of *Hankins v. CarMax, Inc.*, Case No. 03-C-07-005893 CN (Cir. Ct. Balt. County) ("*Hankins*"). Then, on December 21, 2011, Defendants in that case, namely CarMax, Inc., CarMax Auto Superstores, Inc. and CarMax of Laurel, LLC (collectively "CarMax" or "Defendants"), removed Drake's Motion for Intervention as Plaintiff (ECF No. 4) and Complaint in Intervention (ECF No. 2) to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A hearing was held on January 11, 2012.

For the reasons stated on the record at that hearing, and supplemented by this Memorandum Opinion, Intervenor Plaintiff's Motion to Remand and for Sanctions (ECF No. 8) was GRANTED in part and DENIED in part. Specifically, the Motion to Remand

1

was GRANTED and the Motion for Sanctions was DENIED. Moreover, Intervenor Plaintiff's Second Motion to Remand and for Sanctions (ECF No. 20) was treated as part and parcel of the first Motion to Remand and was therefore MOOT. Defendant's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (ECF No. 10) was also MOOT. And Intervenor Plaintiff's Motion to Stay Briefing on Defendant's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (ECF No. 13) was MOOT.

BACKGROUND

On May 25, 2007, Named Plaintiff Regina Hankins filed a civil class action against CarMax, Inc., CarMax Auto Superstores, Inc. and CarMax of Laurel, LLC (collectively "CarMax" or "Defendants") in the Circuit Court for Baltimore County (Case No. 03-C-07-005893). Regina Hankins brought this action, on behalf of herself and a class of similarly situated consumers, alleging violations of COMAR 11.12.01.14(M) due to CarMax's failure to disclose the prior use of sold vehicles as short-term rental vehicles. *See* Drake's Mem. in Supp. of Mot. to Remand and for Sanctions at 4 (ECF No. 8-1) ("Mem. in Supp. of Mot. to Remand"). On September 10, 2008, the *Hankins* matter was settled on a class-wide basis and the parties entered into a Settlement Agreement and a Consent Decree. *See* Notice of Removal ¶ 1 (ECF No. 1); *see also* Mot. to Remand, Exs. A & B (ECF Nos. 8-3 & 8-4). In the Settlement Agreement, the parties agreed to "submit to the jurisdiction of the Court for the purpose of implementing this Settlement Agreement." Mot. to Remand, Ex. B., Settlement Agreement ¶83 (ECF No. 8-4). The Settlement Agreement further indicated that the Court in question was the Circuit Court for Baltimore County Maryland. *Id.* at ¶ 7. In the Settlement Agreement, CarMax further agreed to enter into a Consent Order (the

2

Consent Decree) in which it consented to the "cessation of the practices alleged in the Complaint and its compliance *in the future* with COMAR 11.12.01.14(M) as to vehicles previously used as short-term rentals." *Id.* at ¶ 62; *see also* Mot. to Remand, Ex. A, Consent Decree (ECF No. 8-3)(emphasis added).

A Final Order Approving Settlement and Certifying the Settlement Class was entered on December 24, 2008. *See* Notice of Removal ¶ 1; *see also* Mot. to Remand, Ex. C, Final Order (ECF No. 8-5). This Order "created a settlement class that includes Maryland customers who purchased vehicles from CarMax during the period of May 25, 2004 to September 1, 2008 to whom a prior rental use disclosure had not been made pursuant to COMAR 11.12.01.14(M) ("Hankins Class")." Notice of Removal ¶ 1. Additionally, this Order incorporated the Settlement Agreement by reference and adopted it as an Order of the court. Mot. to Remand, Ex. C ¶ 1 (ECF No. 8-5). In the Order, the Circuit Court for Baltimore County went on to state that "[t]his Court retains jurisdiction of *all* matters relating to the *interpretation*, *administration*, *implementation*, *effectuation*, and *enforcement* of the Settlement Agreement." *Id.* at ¶ 15 (emphasis added). It also retained jurisdiction to enforce the Final Order. *Id.* The case was then subsequently closed.

In 2011, pursuant to "their continued diligence [counsel for Regina Hankins] investigated the current practices of CarMax to confirm that it was in compliance" with the terms of the Consent Decree. Mem. in Supp. of Mot. to Remand at 8 (ECF No. 8). They allegedly discovered that CarMax was failing to make the appropriate disclosures and was "willfully violating the Consent Decree." *Id.* As a result, on November 23, 2011, Regina Hankins filed a Petition for Constructive Civil Contempt and Other Relief and for Order to

Show Cause pursuant to Maryland Rule 15-206(a). *See* Mot. to Remand, Ex. E (ECF No. 8-6). On the same day, and as part of the contempt proceedings in the Circuit Court for Baltimore County, Barry A. Drake ("Intervenor Plaintiff" or "Drake") filed a Motion for Intervention as Plaintiff and the associated Complaint in accordance with Rule 2-214(c) of the Maryland Rules of Civil Procedure. *See* Drake's Mot. for Intervention as Pl. (ECF No. 4) and Compl. in Intervention (ECF No. 2). According to these pleadings, Drake sought to intervene in the *Hankins* contempt proceedings, on behalf of himself and similarly situated customers, in order to obtain relief as "intended beneficiar[ies] of the Consent Decree for breach of the Consent Decree." Mem. in Supp. of Mot. to Remand at 9 (ECF No. 8).

Prior to the agreed upon date for the submission of CarMax's Response to Drake's Motion for Intervention and prior to the issuance of a ruling on that motion, CarMax removed the Motion for Intervention to this Court on diversity grounds. *See id.* at 10; *see also* Notice of Removal (ECF No. 1). Consequently, Pending before this Court was Drake's Motion for Intervention as Plaintiff filed in the Circuit Court for Baltimore County on November 23, 2011. Also pending before this Court were Drake's First and Second Motions to Remand and for Sanctions (ECF Nos. 8 & 20). Additionally, CarMax filed a Motion to Dismiss, or in the Alternative, to Stay in Favor of Arbitration (ECF No. 10) to which Drake responded by filing a Motion to Stay Briefing on the Motion to Dismiss (ECF No. 13) pending the Court's decision on the Motion to Remand. This Court held a hearing on the remand issue on January 11, 2012. For the reasons stated on the record, this Court GRANTED in part and DENIED in part Drake's Motion to Remand and for Sanctions. Specifically, the Motion to Remand was GRANTED and the Motion for Sanctions was

4

DENIED as MOOT. This Memorandum Opinion supplements the reasons stated on the record.

## STANDARD OF REVIEW

Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2009). The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the "significant federalism concerns" implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed. *Mulcahy v. Columbia Organic Chemils Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c) (2006). Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. CONST. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)(2006).

Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). In other words, "a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997); *see also In re Lowe,* 102 F.3d 731, 736 (4th Cir. 1996) ("[A] federal court loses jurisdiction over a case as soon as its order to remand the case is entered."). "§ 1447(d) must be read *in pari materia* with § 1447(c), . . . only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Ritter v. Ritter*, 396 Fed. Appx. 30, 32 (4th Cir. 2010) (citing *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124 (1995)). "A remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c), and is therefore not reviewable by a court of appeals." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

ANALYSIS

As a preliminary matter, this Court addressed the matter of Drake's Second Motion to Remand (ECF No. 20) filed on January 9, 2012. Drake argued that CarMax could not satisfy the $75,000 amount in controversy requirement for diversity jurisdiction because: (1) in calculating the amount in controversy, CarMax relied on the remedy requested in the *Hankins* Contempt Petition, (2) CarMax's estimates "violate the non-aggregation rule for

6

class actions removed under 28 U.S.C. § 1332(a);" and (3) the estimates provided are speculative and unsubstantiated.

In order to establish federal jurisdiction, the removing party bears the burden of showing by a preponderance of the evidence that it satisfies the jurisdictional amount. *See Momin v. Maggiemoo's Int;l, L.L.C.*, 205 F. Supp. 2d506 ,509-10 (D. Md. 2002). "Competent proof" is required and "mere allegations in the notice of removal are insufficient." *Medina v. Provident Life & Acc. Ins. Co.*, L-10-3146, 2011 WL 249502, at *2 (D. Md. Jan. 24, 2011). Two methods exist by which the amount in controversy can be calculated. *See In re Microsoft Corp. Antitrust Litigation*, 127 F. Supp. 2d 702, 718 (D. Md. 2001). Some federal courts use the "plaintiff's viewpoint approach" relying solely on the plaintiff's recovery. *Id.* While other courts, including this Court and the Court of Appeals for the Fourth Circuit, have increasingly used the "either viewpoint rule" whereby if "the value of the plaintiff's recovery is below the jurisdictional amount but the potential cost to the defendant exceeds that amount, the latter governs." *Id.* (citing *In re Brand name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 609-10 (7th Cir. 1997) and *Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964).

Along with its Notice of Removal, CarMax filed with this Court the Declaration of Scott P. Sawyer detailing the potential costs to CarMax of Drake's action against them. Notice of Removal, Ex. C. (ECF No. 1). As the Second Motion to Remand was filed two days before the scheduled Motions Hearing, this Court allowed CarMax to introduce into evidence, at said hearing, the Supplemental Declaration of Mr. Sawyer addressing Drake's argument and submitting anew that CarMax met the jurisdictional amount requirement for

diversity jurisdiction. Motions Hearing, Defs.' Ex 1. Based on the Declaration of Scott P. Sawyer as supplemented on January 11, 2012, this Court was satisfied that CarMax met the jurisdictional amount requirement for diversity jurisdiction. This Court held that Drake's Second Motion for Remand was part and parcel of the first Motion to Remand. In light of the foregoing, Drake's Second Motion for Remand (ECF No. 20) was MOOT.

In Drake's first Motion to Remand and for Sanctions (ECF No. 8), Drake made several arguments in favor of remand. Mainly, Drake argued that because the Circuit Court for Baltimore County retained exclusive jurisdiction over the enforcement of the *Hankins* Settlement Agreement and Consent Decree, this Court lacks jurisdiction. In contrast, CarMax argued that the state court did not retain exclusive jurisdiction over subsequently-filed actions to enforce the Consent Decree on behalf of new CarMax customers because neither the Settlement Agreement, nor the Consent Decree, nor the Final Order contained the term "exclusive". In *IntraComm, Inc. v. Bajaj*, the Fourth Circuit indicated that unless an agreement contained specific language of exclusion as to a forum, it will not be interpreted as excluding jurisdiction elsewhere. 492 F.3d 285, 290 (4th Cir. 2007) (citing *John Boutari & Sons, Wines & Spirits, S.A. v. Attiki Imp. And Distrib., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994). The court went on to discuss the Court of Appeals for the Tenth Circuit's decision in *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) distinguishing between mandatory and permissive forum selection clauses. *IntraComm, Inc.*, 492 F.3d at 290. Particularly, the Fourth Circuit agreed that a clause stating that "*jurisdiction* shall be in the state of Colorado" was mandatory, while holding that the clause at issue in the case stating

that "either party *shall be free* to pursue its rights . . . in Fairfax County, Virginia" was not forum restrictive. *Id.* (emphasis added). Hence, the Fourth Circuit determined that when parties agree to a specific jurisdiction without including modifying terms allowing for different forums, that forum is held to be mandatory, therefore exclusive. In this case, the Settlement Agreement stipulates that the "parties submit to the *jurisdiction* of the Court for the purpose of implementing this Settlement Agreement." Settlement Agreement ¶ 15. As mentioned above, the Court referred to in the Agreement is the Circuit Court for Baltimore County. *Id.* at ¶ 2. Because the Fourth Circuit held that a less specific clause was mandatory and created exclusive jurisdiction in the selected forum, this Court held that the forum selection clause in the Settlement Agreement was mandatory and that the Circuit Court for Baltimore retained exclusive jurisdiction over the implementation of the Settlement Agreement.

The Supreme Court has recognized that it is within a court's purview to retain jurisdiction over the enforcement of a settlement agreement where it "had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994). To that effect, this Court also finds the decision of the Court of Appeals for the Second Circuit in *in re American Express Financial Advisors Securities Litigation*, No. 10-3399, 2011 WL 5222784 (2d Cir. Nov. 3, 2011) instructive. In that case, the Second Circuit held that the district court had "explicitly retained jurisdiction" over a class action where the clause provided that "exclusive jurisdiction is hereby retained over the Parties and the Class

9

Members *for all matters relating to this Action and the Settlement.*" *In re Am. Express*, at * 13 (emphasis in original). Thus, where parties agree to submit all matters relating to an action or a settlement to a specific court, that court is given exclusive jurisdiction over those matters, in particular those concerning enforcement of the settlement. In the case at bar, the Final Order incorporating and approving the Settlement Agreement contains a provision where the Circuit Court for Baltimore retains jurisdiction over "*all matters* relating to the *interpretation*, *administration*, *implementation*, *effectuation*, and *enforcement* of the Settlement Agreement." Final Order ¶ 15. Accordingly, in light of the precedent and the language of these documents, this Court found that the Circuit Court for Baltimore County retained exclusive jurisdiction over "*all matters* relating to the *interpretation*, *administration*, *implementation*, *effectuation*, and *enforcement* of the Settlement Agreement."

Nevertheless, CarMax contended that even if the Circuit Court for Baltimore County has jurisdiction over all matters involving the *Hankins* Settlement, the Drake Complaint represents a new action with new claims not covered under that Settlement. Specifically, CarMax contended that Drake's action concerns camouflaged disclosures under the Retail Installment Contract[1] signed between Drake and CarMax at the time of his purchase, and not the failure to disclose that vehicles were previously used as short-term rentals as was the case in *Hankins*. However, in reviewing the Motion for Intervention as Plaintiff and the Complaint in Intervention, it appears that both this matter and the *Hankins* case concern

---

[1] CarMax argued that the Retail Installment Contract is governed by the Federal Arbitration Act ("F.A.A.") and that it contains a class arbitration waiver. *See* Mem. in Opp. of Mot. to Remand at 2 (ECF No. 17). As such, and in light of the Supreme Court precedent in *AT&T Mobility LLC v. Concepcion*, enforcing class arbitration waivers agreed upon by parties to an arbitration agreement, CarMax argued that this Court must enforce the arbitration provisions of the Retail Installment Contract and prohibit Drake's effort at joining a class action.

CarMax's lack of disclosure of the prior use of vehicles as short-term rental vehicles. Moreover, in the Settlement Agreement, CarMax agrees to abide by the Consent Decree in which it promises to "maintain business practices and procedures to comply *in the future* with COMAR 11.12.01.14(M) as to vehicles previously used as short-term rental vehicles." Settlement Agreement ¶ 62 and Consent Decree ¶ 3. Because CarMax agreed in the Consent Decree to comply with the Maryland regulations *in the future*, there are intended third-party beneficiaries to the Consent Decree and the Settlement Agreement. Where Drake asserts claims of violation of the Consent Decree and requests relief, he is an intended third-party beneficiary. Therefore, the Circuit Court for Baltimore County has exclusive authority over this case and Drake's Motion to Remand was GRANTED.

Alternatively, even if the Circuit Court for Baltimore County were not invested with precisely exclusive jurisdiction, important principles of comity and abstention required a remand. In removing this action to federal court, Defendants was essentially asking this Court to determine how to enforce the violation of a state court judgment, the issue of the applicability of an arbitration clause and the acceptance of arbitration by Mr. Drake. Specifically, CarMax argued that it was entitled to a federal forum in order to assert its federal arbitration rights in light of the arbitration provision contained in the Retail Installment Contract signed by Drake at the time of his purchase. In support of their position, Defendants asserted that *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983) was controlling as to the application of abstention principles where enforcement of an arbitration provision governed by the FAA is concerned.

11

In *Moses H. Cone*, the Supreme Court held that the FAA represents "a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." 460 U.S. at 24. In so doing, the Supreme Court reversed a district court's stay of a federal action seeking an order to compel arbitration pending the resolution of a related state action.[2] *See id.* However, *Moses H. Cone* is factually distinguishable from the case at hand. *Moses H. Cone* concerned a stay order entered with respect to arbitration clauses. It did not involve a class action in state court, in which a settlement agreement and a consent decree were agreed to by the parties, and the very lawyers involved in this case, and where the state court issued a Final Order approving said documents. *Moses H. Cone* also did not implicate *in futuro* equitable relief when breach of the class action settlement allegedly occurs.

With regard to comity and abstention, it is well established that "[f]ederal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996). First under the *Younger* doctrine, "the notion of 'comity,' [represents] a proper respect for state functions, . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44(1971).

Second, under the *Rooker-Feldman* doctrine a federal court does not have jurisdiction to overturn state court judgments, even when the federal complaint raises allegations that the state court judgments violate a claimant's constitutional or federal statutory rights. See

---

[2] The Supreme Court also weighed the *Colorado River* abstention doctrine factors and found that abstention was not appropriate in the case. *See id; see also infra* for *Colorado River* abstention doctrine discussion.

12

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16(1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The doctrine bars "lower courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486. An issue is considered "inextricably intertwined" when it "was not actually decided by the state court but where success on the . . . claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoted in *Washington*, 407 F.3d at 279).

Third, *Buford v. Sun Oil Co.*, 319 U.S. 315 (1943) "permits abstention when federal adjudication would unduly intrude upon complex state administrative processes because . . . federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007). These doctrines directed this Court's decision to abstain from revisiting and modifying the Circuit Court for Baltimore County's judgment. Specifically, the Court found that it should not engage in the process of interpreting what the state court intended in (1) retaining jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement, and (2) ratifying the matter of CarMax's future compliance with the Consent Decree. Additionally, this Court should not wage into determining state law questions bearing on state policy issues as the arbitration issues brought before this Court can be aptly litigated before the Circuit Court for Baltimore County.

Furthermore, in terms of analyzing abstention under the *Colorado River* abstention doctrine, remand is warranted if when faced with parallel federal and state actions, remand "serves an important countervailing interest." *Colorado River Water Conservation Dist. V. U.S.*, 424 U.S. 800, 813 (1976). As a threshold question, this Court must determine whether "parallel" suits are pending in state and federal court. *Great American Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006). Cases are parallel only if they contain "substantially the same issues" and if the parties in each are "nearly identical." *Id.* at 208 (internal quotation marks omitted). This Court was satisfied that the conditions for parallel litigation are met.

Where suits are parallel, the court must then balance a list of several factors to determine whether abstention is appropriate; the balance being "heavily weighted in favor of the exercise of jurisdiction." *Id.* at 207. The factors include, but not exclusively: "(1) whether the state court has exclusive *in rem* jurisdiction of real property involved in the suits; (2) whether the federal forum is convenient;" (3) the desire to avoid piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the respective progress made in each action; (5) whether state or federal law governs the merits of the case; and (6) whether the state forum is adequate to protect the parties' rights. *Barcoding, Inc., v. Genet*, JKB-11-2026, 2011 WL 4632575, at *5 (D. Md. Sept. 30, 2011) (citing *Great Am.*, 468 F.3d at 207–08 (citation omitted)). As far as the first factor is concerned, this Court found that exclusive jurisdiction rests in the Circuit Court for Baltimore County in terms of the consumers who contend that there is a lack of compliance with the Consent Decree. Next, the second factor was satisfied in that this litigation would, without a question, waste federal and state judicial resources as well as threatened the comprehensive disposition of this

litigation by a state judge who is extremely familiar with the nature of the litigation. In addition, the third factor was precisely implicated here as the removal of the Motion for Intervention to this Court had in effect sought to split the disposition of one case over two jurisdictions. The fourth factor was also satisfied because this matter has been at issue since 2007 in the Circuit Court for Baltimore County. Indeed, the Honorable Norris Byrnes, Senior Judge of the Circuit Court for Baltimore County, although in retirement, has elected to return to the bench to review this case. Finally, state courts are subject to the same precedent in arbitration cases as federal courts and state courts are equally capable of adequately protecting the rights of the parties. In particular, because Judge Byrnes approved the *Hankins* Settlement, he can address with specificity the scope of equitable relief *in futuro* considered under the Consent Decree and the Settlement Agreement. Thus, at least four of the six factors weighed strongly in favor of abstention and the other two also supported this Court's decision to abstain. Therefore, even if the Circuit Court for Baltimore County did not have precisely exclusive jurisdiction, the doctrines of comity and abstention cried out in favor of remanding this case to state court. Hence, Drake's Motion to Remand was GRANTED.

Finally, Drake also moved this Court to sanction CarMax in light of its "unjustifiable removal of the intervenor's motion" and requested the imposition of costs and fees pursuant to 28 U.S.C. § 1447(c). *See* Mem. in Supp. of Mot. to Remand at 25-26 (ECF No. 8-1). "[I]mposition of sanctions is discretionary with the Court, not mandatory." *Thomas v. Treasury Mgmt. Assoc.*, 158 F.R.D. 364, 369 (D. Md. 1994) (citing *Knipe v. Skinner*, 19 F.3d 72,

78 (2d Cir. 1994).  "Motions for sanctions are to be filed sparingly."  *Thomas*, 158 F.R.D. at 366.  The Fourth Circuit equates sanctions under 1447(c) to sanctions under Rule 11 of the Federal Rules of Civil Procedure.  *See Brown v. Brown*, 977 F.2d 571 (4th Cir. 1992).  In that case, the court affirmed the imposition of sanctions by the district court for a removal in bad faith.  *Id.*  Conversely, the Fourth Circuit has upheld district courts' decisions not to impose sanctions where the removing party had "at least a colorable claim of federal jurisdiction." *Sanford v. Moving Picture Mach. Operator's Protective Union, Local No. 224*, 14 F.3d 596 (4th Cir. 1993).  In *Block v. Allstate Ins. Co.*, the court indicated that sanctions would be appropriate where "a cursory examination [of the case] would have revealed a lack of jurisdiction." 202 F.3d 257 (4th Cir. 1999).  In this case, the issue of this Court's jurisdiction demanded several pleadings, the review of a large number of legal precedent and a motions hearing. Accordingly, Drake's Motion for Sanction was DENIED.

## CONCLUSION

For the reasons stated on the record during the January 11, 2012 Motions Hearing, and supplemented by this Memorandum Opinion, it was on the 11th day of January 2012, ORDERED that:

1. Intervenor Plaintiff's Motion to Remand and for Sanctions (ECF No. 8) is GRANTED in part and DENIED in part.  Specifically, the Motion to Remand is GRANTED and the Motion for Sanctions is DENIED;

2. Intervenor Plaintiff's Second Motion to Remand and for Sanctions (ECF No. 20) is MOOT;

3. Defendant's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (ECF No. 10) is MOOT;

4. Intervenor Plaintiff's Motion to Stay Briefing on Defendant's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (ECF No. 13) is MOOT;

5. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to Counsel;

6. The Clerk of the Court CLOSE THIS CASE.

Dated:     January 13, 2012                    /s/_____
                                               Richard D. Bennett
                                               United States District Judge